I'm just here to address a couple of points made in the reply brief. This is a direct appeal from a DUI conviction after a jury trial. The defendant argues that trial counsel was ineffective for failing to interview the defendant's brother, Sherrod, who was in the car when he was pulled over. However, the record does not indicate whether defense counsel did or did not interview Sherrod. The defendant only notes that Sherrod was not called as a witness and asks the court to presume that he was not interviewed. In the reply brief, the defendant again asserts that there was no interview, but does not show that that is so from any citation to the record. I wanted to point that out. The defendant also argues that counsel was ineffective for not calling Sherrod as a witness. However, the record does not indicate what Sherrod would have said, and under the Supreme Court's decision in People v. Ennis, such a claim is required to be substantiated by an affidavit from the witness indicating what he would have said. And no such affidavit appears in the record in this case. The reply brief suggests that defense counsel, of course, could not have obtained such an affidavit because he would have been obtaining an affidavit indicating his own ineffectiveness, that he would have been hamstrung by that ethical dilemma. However, the attorney who filed the motion for a new trial on the behalf of the defendant was not the trial counsel. It was a different attorney, so he could have obtained that affidavit and did not. Finally, the defendant's opening brief argued that defense counsel was ineffective for not objecting during the state's cross-examination of him. The state responded to that argument in the answer brief. The reply brief at page 3 claims that the objectionable part of the record was the state's closing argument, and this is a claim that's made for the first time in the reply brief and, of course, is subject to waiver. And also, the reply brief also does not pinpoint the portion of the closing argument that was allegedly objectionable or make any legal argument in support of that claim. And that concludes my comments. Okay. Thanks very much. Thanks for your argument. We'll get to your decision as quick as we can. Thank you.